Shirley C. Arcuri, Tampa, Fla., for plaintiff.

Chris C. Larimore, Bradenton, Fla., for defendant.

---

In the Matter of **FRIENDS OF RUSU, INC.**, Debtor.

**ELLIS BANK & TRUST CO.**, Plaintiff,

v.

**FRIENDS OF RUSU, INC.**, Defendant.

Bankruptcy No. 81–1166.
Adv. No. 81–277.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Sept. 30, 1981.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case commenced by the petition for order for relief filed by Friends of Rusu, Inc. (the Debtor) filed on July 6, 1981 under Chapter 11 of the Bankruptcy Code. The particular matter under consideration is a complaint filed by Ellis Bank & Trust Co. (Ellis) who seeks a modification of the automatic stay imposed by § 362 of the Bankruptcy Code.

The claim of Ellis for relief is based on § 362(d)(1) and § 362(d)(2)(A), (B). It is the contention of Ellis that it is entitled to be relieved from the automatic stay first "for cause", i. e. due to lack of adequate protection or in the alternative on the grounds that the Debtor lacks equity in the subject property and that the property is not needed for an effective reorganization.

The evidence presented at the final evidentiary hearing reveals that the Debtor is the owner of certain real property on which Ellis holds a first mortgage. It further appears that mortgage payments to Ellis are current, albeit, not due to payments made by the Debtor, but by a guarantor, Mr. Sullivan, of the obligation created by the mortgage note encumbering the subject property. It further appears from the record that the indebtedness due to Ellis secured by the mortgage is in the approximate amount of $175,000 although there are other encumberances on the property totalling approximately $350,000. The uncontradicted testimony indicates that the property is worth at least $650,000. There is no question that this property is the sole asset of the Debtor and if the property is lost in foreclosure, the Debtor's chances to effectuate a business reorganization are nil. There is no evidence in this record which indicates that the physical integrity of the property is in jeopardy or that the property is subject to ongoing depreciation. It appears that the Debtor has a sale for the subject property which, if completed, will produce more than sufficient funds to satisfy all outstanding obligations of the Debtor. While there is evidence in the record that a prospective purchaser is operating the establishment of a lease, no such lease agreement has been approved by this Court and it also appears that the matter of operation might put the liquor license in jeopardy. The payments made by the guarantor, Mr. Sullivan, in order to keep the mortgage current, are a total of three months payments and according to the president of the Debtor, will be paid to Mr. Sullivan before the end of November. The closing for the sale of the establishment is targeted and scheduled for January of 1982.

Considering the foregoing, this Court is satisfied that the evidence presented would not justify finding cause for lifting the stay and it is quite evident and clear that the Debtor has substantial equity in the property and that without the property, the Debtor cannot effectuate an effective reorganization. Thus, the property is necessary for reorganization. However, in order to as-

sure that the position of Mr. Sullivan is not in jeopardy, the Debtor is required to present, within one week from the date of entry of this order, an application for approval of the proposed lease, a report on the status of a liquor license, a proof of payment of the monthly mortgage payment to Ellis and an assurance that the payments made on the arrearages and cured by Mr. Sullivan are reimbursed to Mr. Sullivan not later than November 30, 1981.

A separate final judgment will be entered in accordance with the foregoing.